IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH GOINGS, )
)
        Plaintiff, )
)
vs. ) Case No. 10-1402-MLB-KGG
)
CRAWFORD COUNTY DISTRICT )
ATTORNEY'S OFFICE, *et al.*, )
)
        Defendants. )
                                           )

**ORDER ON PLAINTIFF'S MOTIONS
TO PROCEED WITHOUT PREPAYMENT OF FEES
AND FOR APPOINTMENT OF COUNSEL**

Plaintiff Joseph Goings filed his Complaint against Defendants on November 24, 2010, which included claims of false arrest, failure to supervise employees, and violations of his Constitutional rights relating to a DUI arrest that occurred on November 29, 2008. (Doc. 1.) He also filed a Motion to Proceed Without Prepayment of Fees (*IFP* application), which includes an Affidavit of Financial Status (Doc. 3, sealed), as well as a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed Plaintiff's motions, as well as his Complaint, the Court is prepared to rule.

**A.** *IFP* **Motion**.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

According to the supporting financial affidavit, Plaintiff is a 30-year-old, married male with no dependents.[1] (Doc. 3, sealed, at 2-3.) He is employed as a laborer, earning a modest weekly wage. (*Id*., at 3.) His wife is unemployed. (*Id*., at 4.) He denies receiving unemployment benefits or any government benefits during the past year. (*Id*., at 5-6.)

---

[1] Although Plaintiff lists his 31-year-old wife as a dependent, the Court will not consider an adult to be the legal dependent of another adult absent the existence of some type of legal guardianship or the like.

Plaintiff owns no real property. (*Id*., at 4.) Although he owns one modest automobile, he apparently owes more on it than it is worth. (*Id*., at 5.) He lists a small amount of cash on hand as well as the typical monthly expenses. (*Id*., at 5-6.)

Considering all of the information contained in the financial affidavit, it appears that Plaintiff's monthly expenses match or potentially exceed his monthly income. As such, he has established that his access to the Courts would otherwise be seriously impaired and that he is entitled to file this action without payment of fees and costs. Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**B.     Motion for Appointment of Counsel**.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of

the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Id.,* at 1421.

The Court does not dispute that Plaintiff has a limited ability to afford counsel. As discussed above, Plaintiff's financial status is consistent with the appointment of counsel. He has not, however, engaged in a reasonable search for counsel. (Doc. 4.) According to his motion, Plaintiff has contacted only two attorneys regarding representation when the form motion clearly indicates he is to contact six. Thus, the second ***Castner*** factor, diligence searching for counsel, has not been met. The Court typically instructs plaintiff's in this position to contact the requisite number of attorneys before it will rule on the motion. In the present situation, however, the Court finds that to be unnecessary.

Even without addressing the merits of Plaintiff's case, the Court finds that the fourth ***Castner*** factor, a plaintiff's capacity to prepare and present the case without the aid of counsel, weighs strongly against the appointment of counsel. 979 F.2d at 1421. Here, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.*

4

***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (holding that the factual and legal issues in a case alleging discrimination on the basis of race, religion, sex, national origin, and disability were "not complex").

In addition, Plaintiff did a capable job of drafting his federal court Complaint. The Court notes that the filing contains an abundance of factual information as well as citations to specific federal statutes. (Doc. 1.)

The Court therefore finds that Plaintiff is an articulate individual with the ability to gather and present facts crucial to his case. Although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel. Further, the Court sees no reason to distinguish Plaintiff from the thousands of individuals representing themselves in federal courts across the nation each year. The Court thus concludes that Plaintiff should be able to present his case without counsel and **DENIES** Plaintiff's Motion to Appoint Counsel (Doc. 4). Although the Court is denying Plaintiff's motion, it will consider revisiting this issue in the future should Plaintiff provide the Court with sufficient evidence of a compelling need for a court-appointed attorney. Should Plaintiff intend to submit this issue the Court in the future, he will first be required to contact an additional four (4) attorneys to seek representation as required by the form Motion for Appointment of Counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case at the addresses stated in Plaintiff's Complaint. (Doc. 1.)

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Appointment of Counsel (Doc. 4) is **DENIED without prejudice**.

Dated at Wichita, Kansas, on this 10th day of December, 2010.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge