IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH GOINGS, )
)
               Plaintiff, )
)
v. )   Case No. 10-1402-MLB-KGG
)
CRAWFORD COUNTY DISTRICT )
ATTORNEY'S OFFICE, *et al.*, )
DEPARTMENT, et al., )
)
               Defendants. )
_____ )

## MEMORANDUM AND ORDER
## AND REPORT & RECOMMENDATION

Now before the Court is Defendants' Motion to Answer Out of Time. (Doc. 8.) Plaintiff, who has filed a Motion for Default Judgment (Doc. 10) as well as a Motion for Summary Judgment (Doc. 11), opposes Defendant's motion. (Doc. 12.) The Court is satisfied that Defendant's failure to answer was a result of inadvertence and, thus, **GRANTS** Defendant's motion. The Court also **RECOMMENDS** the District Court **DENY** Plaintiff's Motion for Default Judgment (Doc. 10) and Motion for Summary Judgment (Doc. 11).

### BACKGROUND

Plaintiff, who is representing himself *pro se*, filed his Complaint on November 24, 2010, bringing claims for various alleged Constitutional violations

relating to his arrest. (Doc. 1.) It is undisputed that Defendants' Answer was due on or before January 10, 2011. It is also undisputed that Defendants did not file their Answer in a timely fashion, nor did they timely seek a Clerk's extension to Answer. As such, Plaintiff filed a Motion for Default Judgment (Doc. 10) and a Motion for Summary Judgment (Doc. 11) on the first day possible, January 11, 2011. Immediately thereafter, Defendant filed the present Motion to Answer Out of Time, arguing that defense counsel had inadvertently calendared the wrong deadline to answer Plaintiff's Complaint. (Doc. 8.)

## ANALYSIS

Plaintiff objects to Defendant's request, contending that Defendants are "seasoned attorneys" and therefore "know the consequences of failing to follow the procedures set by a court." (Doc. 12, at 3.) Plaintiff also seems to be acting under the assumption that judgment has already been entered on his behalf. (Doc. 12, at ¶¶ 5, 11.) The Court notes that while Plaintiff has moved for default judgment – as well as summary judgment – no judgment has been yet been entered by the District Court on Plaintiff's behalf.

Defendant's Motion to Answer Out of Time (Doc. 8) is technically a motion for an extension of time, which is covered by D. Kan. Rule 6.1. That rule "provides that an extension of time will not be granted unless the motion is made

before the expiration of the specified time, **except upon a showing of excusable neglect**." *Id.*; *see also,* **Howard v. TMW Enterprises, Inc**., 32 F.Supp.2d 1244, 1254 (D.Kan. 1998) (emphasis added). Thus, the issue before the Court is whether Defendant has established "excusable neglect" for his failure to answer or file a timely motion to extend the deadline to do so.

The U.S. Supreme Court addressed the issue of "excusable neglect" in the decision of **Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership**, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The **Pioneer** Court noted that the common meaning of "neglect" is "'to give little attention or respect' to a matter, or...'to leave undone or unattended to *esp[ecially] through carelessness*.'" *Id*. at 388, 113 S.Ct. at 1494-95 (emphasis in **Pioneer**) (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)); *see also City of Chanute, Kansas v. Williams Natural Gas Co*., 31 F.3d 1041, 1046 (10th Cir. 1994) (quoting **Pioneer**). It is uncontested that defense counsel neglected the January 10, 2011, deadline to answer Plaintiff's Complaint.

Defense counsel has attested that the deadline to answer was inadvertently calendared for February 10, 2011, as opposed to January 10, 2011. (Doc. 8, at ¶ 3; Doc. 13, at 3.) The Court finds that Plaintiff's counsel did not completely ignore or disregard the deadline. Counsel went to the effort to place the deadline on her

electronic calendar; it was simply done incorrectly.  As such, the Court finds Defendants' neglect of the deadline to be excusable.  The Court also notes that an extension of the deadline does not unduly prejudice Plaintiff, that the very short delay was inconsequential, and that Defendant has acted in good faith.  ***Hamilton v. Water Whole Intern. Corp***., 302 Fed. Appx. 789, 798 (10th Cir. 2008) (citing ***U.S. v. Torres*** , 372 F.3d 1159, 1162 (10th Cir. 2004).

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Answer Out of Time (Doc. 8).  As a result, the Court also **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Default Judgment (Doc. 10) and Motion for Summary Judgment (Doc. 11) as both are predicated on Defendant's failure to timely file an Answer to Plaintiff's Complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Answer Out of Time (Doc. 8) is **GRANTED**.  Defendants are instructed to file their Answer to Plaintiff's Complaint in the form attached to their motion (Doc. 8-1) on or before **February 7, 2010**.

**IT IS THEREFORE RECOMMENDED** that the District Court **DENY** Plaintiff's Motion for Default Judgment (Doc. 10) and Motion for Summary Judgment (Doc. 11).  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and

D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge. A party's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS THEREFORE ORDERED AND RECOMMENDED**.

A copy of this Recommendation shall be sent to Plaintiff *via* certified mail.

Dated at Wichita, Kansas on this 24th day of January, 2011.

                                                S/ KENNETH G. GALE
                                                KENNETH G. GALE
                                                United States Magistrate Judge