# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOSEPH GOINGS, )
 )
                Plaintiff, ) **CIVIL ACTION**
 )
v. ) No. 10-1402-MLB
 )
CRAWFORD COUNTY DISTRICT )
ATTORNEY'S OFFICE, et al., )
 )
                Defendant. )
_____)

## MEMORANDUM AND ORDER

This case comes before the court on the following:

1) Magistrate Kenneth Gale's report and recommendation (Doc. 15) denying plaintiff's motion for default judgment and motion for summary judgment;

2) Magistrate Kenneth Gale's order (Doc. 15) granting defendants' motion to file their answer out of time (Doc. 8); and

3) Plaintiff's objections to the magistrate's order and report and recommendation (Doc. 22).

### Analysis

Plaintiff filed this case on November 24, 2010. (Doc. 1). The summons was served on December 20 and the answer was due on January 10, 2011. Defendants failed to file their answer on January 10. Plaintiff immediately moved for default judgment and also filed a motion for summary judgment on the basis of defendants' failure to file their answer. On January 12, defendants moved to file their answer out of time. Defendants asserted that a calendar error was the reason for the failure to timely file. The magistrate granted

defendants' motion to file their answer out of time and additionally recommended that plaintiff's motions be denied.  Plaintiff objects to the magistrate's finding on the basis that "it was not excusable neglect or a mistake on the part of counsel, but rather a lack of knowing the Answer due date."  (Doc. 22 at 4).

Federal Rule of Civil Procedure 72 governs the procedure for making, and the standard of review for ruling on, objections to orders of magistrate judges.  Rule 72(a) states that magistrate orders regarding nondispositive matters shall be modified or set aside when they are "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  Plaintiff's objection does not explain how the magistrate's order was contrary to law or clearly erroneous.  Plaintiff's belief that defendants did not commit an excusable neglect or mistake is not sufficient.  Therefore, the court overrules plaintiff's objection to the magistrate's order allowing defendants to answer out of time.

Because defendants filed their answer on January 25, in compliance with the magistrate's order, plaintiff's motion for default judgment and motion for summary judgment are denied as moot.  (Docs. 10 and 11).

## Conclusion

Plaintiff's objections to Magistrate Judge Gale's January 24, 2011, Order are OVERRULED for the reasons stated herein.  (Doc. 16). Further, the court adopts Magistrate Judge Gale's report and recommendation denying plaintiff's motion for default judgment and motion for summary judgment.  (Doc. 15).  No motion for reconsideration will be allowed.  Fed. R. Civ. P. 1.

IT IS SO ORDERED.

Dated this __15th__ day of February 2011, at Wichita, Kansas.

                                          s/ Monti Belot
                                          Monti L. Belot
                                          UNITED STATES DISTRICT JUDGE