IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH GOINGS, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>CRAWFORD COUNTY DISTRICT )<br>ATTORNEY'S OFFICE and )<br>MICHAEL GAYOSO, JR. )<br>)<br>  Defendants. )<br>_____) | CIVIL ACTION<br><br>No. 10-1402-KHV |

### MEMORANDUM AND ORDER

On November 24, 2010 plaintiff filed suit against the Crawford County District Attorney's Office and Michael Gayoso, Jr. Under 42 U.S.C. §1983, plaintiff alleges violations of his Fourth, Sixth and Fourteenth Amendment rights stemming from his prosecution for driving under the influence. This matter is before the court on the Dismissal (Doc. #33) which plaintiff filed on May 12, 2011, which this Court construes as a motion for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2). Defendants oppose plaintiff's motion because it provides no reason for dismissal. Alternatively, if the Court dismisses the case, defendants ask the Court to require plaintiff to pay defendants' anticipated duplicative costs and expenses within 20 days of refiling or face dismissal with prejudice if plaintiff re-files the case. Plaintiff has not responded to defendants' request.

Dismissal under Rule 41(a)(2) is within the sound discretion of the Court. Cowdin v. Sears, Roebuck & Co., Case No. 04-2405-KHV, 2006 WL 47697, at *1 (D. Kan. Jan. 9, 2006). Rule 41(a)(2) is designed primarily to prevent voluntary dismissals which unfairly affect the

1

other side, and one factor for courts to consider in determining whether to grant a motion to dismiss without prejudice is defendants' efforts and funds expended towards preparing for trial. Id. Rule 41(a)(2) gives the Court discretion to impose terms and conditions on a voluntary dismissal. Id. at *2.

Defendants note that they have incurred significant expense preparing discovery requests, Rule 26 disclosures, and witness and exhibit lists. The Court thus sustains plaintiff's motion subject to the condition that if plaintiff re-files a substantially similar action, said action shall be automatically stayed until plaintiff reimburses defendants for all duplicative costs associated with the re-filed case.[1]

When the Court imposes conditions, plaintiff must be given an opportunity to withdraw the motion if those conditions are unacceptable or too onerous. Gonzales v. City of Topeka, Kan., 206 F.R.D. 280, 283 (D.Kan. 2001). The Court therefore grants plaintiff until February 29, 2012 to withdraw his dismissal if this condition is unacceptable.

**IT IS THEREFORE ORDERED** that the Dismissal (Doc. #33) which plaintiff filed May 12, 2011, which this Court construes as a motion for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2), be and hereby is **SUSTAINED**, subject to the condition that if plaintiff re-files a substantially-similar action, said action shall be automatically stayed until plaintiff reimburses defendants for all duplicative costs associated with the re-filed case. On or before **February 29, 2012**, plaintiff may withdraw his dismissal.

---

[1] To fall under the terms of this order, the complaint, claims and defendants in a re-filed action need not be identical to those in this case. Plaintiff has a habit of filing, voluntarily dismissing and re-filing cases. See Cases No. 10-cv-1401-KHV-KGG and 11-cv-4056-SAC-KGS.

Dated this 21st day of February, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge